**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF**
**ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| NINGBO NINGSHING UBAY SUPPLY CHAIN CO. LTD,<br><br>Plaintiff,<br><br>v.<br><br>PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 23-cv-15775<br><br>**Judge Virginia M. Kendall**<br>**Magistrate Judge Sunil R. Harjani** |

**PLAINTIFF'S MOTION TO STRIKE PORTIONS OF EXPERT DECLARATION OF JIM GANDY**

Plaintiff Ningbo Ninsgsheng Ubay Supply Chain Co., Ltd. ("Ningbo") hereby submits within Motion to Strike portions of expert declaration of Jim Gandy, and in support states the following:

**I. Brief Introduction.**

Mr. Gandy submitted to the Court, his "Expert Declaration" on or about May 20, 2024. However, portions of the testimony are riddled with legal conclusions which are improper.

**II. Memorandum of Law.**

Courts in this District hold that if an expert witness draws legal conclusions, such testimony is barred. *Loeb v. Hammond*, 407 F.2d 779, 1969 U.S. App. LEXIS 8780 (7th Cir. 1969) ("An expert may not testify as to legal effect …, such as legal effect of contract, since this is matter for judge.") FRCP 702 confirms this by assigning the trial judge "the task of ensuring

that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *See, Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 597 (1993). The focus of this decision "must be solely on principles and methodology, not on the conclusions that they generate." *Daubert,* 509 U.S. at 595; *See also, Ga.-Pacific Consumer Prods. LP v. Kimberly-Clark Corp.*, No. 09 C 2263, 2010 U.S. Dist. LEXIS 31540, at *3 (N.D. Ill. Mar. 31, 2010). Further, this district has determined the offering of expert testimony to legal questions that determine the outcome of a case to be improper. *U.S. v. Sinclair*, 74 F.3d 753, 758 n.1 (7th Cir. 1996) ("Our own cases have determined that Federal Evidence 702 and 704 prohibit experts from offering opinions about legal issues that will determine the outcome of a case.")

**A. The Court Should Strike Portions of Mr. Gandy's Testimony.**

As stated, Mr. Gandys testimony is riddled with his legal conclusions. But, as he verifies in his declaration, he is not an attorney. In fact, he focuses his work on counseling patent attorneys and agents "who file design patents applications" and "offering design assessments and opinions" (Dkt. 106-5, pp. 5-6). Mr. Gandy's expert declaration was based upon, not his own knowledge and experience, but that of counsel for Aobafuir ("I have further been informed by counsel for Aobafuir that the sole test for determining whether a design patent has been infringed is the "ordinary observer" test") (*Id.*). Mr. Gandy further states he was informed on legal standards by the counsel for Aobafuir. But Mr. Gandy fails to define key concepts, such as "sufficiently distinct" and "plainly dissimilar". The Gandy declaration further fails to show any legal precedent relied upon that leads to these legal standards. This Court's reliance on the testimony of Mr. Gandy for legal matters relating to design patent infringement, including the concepts of "sufficiently distinct", "plainly dissimilar", and "ordinary observer test" would be improper. *Harbor Ins. Co. v. Continental Bank Corp.*, 922 F.2d 357, 366 (7th Cir. 1990) ("A

lawyer experienced in indemnification matters was a proper witness to opine on the probable meaning of the charter … But the lawyer who testified in this case based his opinion … on an examination of the word "indemnity" as it is used in judicial opinions.") Mr. Gandy's opinions to legal questions of which he is not experienced in or knowledgeable of should be struck. *Id*. at 367 (7th Cir. 1990) ("The district court was right to send the interpretive question to the jury but wrong to permit a lawyer to testify to the legal meaning of indemnification.")

**B. <u>Statements to be Struck</u>.**

The following statements by Mr. Gandy, in his declaration should be stricken from the record as they draw a legal conclusion:

- - "… the over (sic) shape and appearance of "Category 1 products" are "sufficiently distinct" and "plainly dissimilar" than the first embodiment of the claimed design …" ( Gandy Decl., Paragraph 27);
- "… "Category 1 products" render them "sufficiently distinct" and "plainly dissimilar" and would not confuse an "ordinary observer …" (Gandy Decl., Paragraph 27)
- "… cannot be relied upon as a basis for infringement of the second embodiment of the claimed design …" (Gandy Decl., Paragraph 27)
- .."As will be shown, all seven of "The Accused Cabinets" are "sufficiently distinct" and "plainly dissimilar" from the first embodiment of the claimed design of the '387 Patent directed to a two door "Striped Cabinet" and there is no patent infringement in my opinion. (Gandy Decl., Paragraph 27).
- "Based on my conversations with counsel for AOBAFUIR and my review of administrative decisions and design patent law principles, I have the following

understanding of design patent infringement. First, it is my understanding that the claim in a design patent application is directed to the entire design and not individual parts or elements thereof." This entire paragraph should be stricken from the record. (Gandy Decl., Paragraph 19).

- "I have further been informed by counsel for AOBAFUIR that the sole test for determining whether a design patent has been infringed is the "ordinary observer" test" This entire paragraph should be stricken from the record. (Gandy Decl., Paragraph 20).
- "…a design patent infringement analysis is a two-step process. The first step is to consider whether the claimed design and accused products are "sufficiently distinct" or "plainly dissimilar." If the claimed design and the accused products are found to be plainly dissimilar, there is no patent infringement." (Gandy Decl., Paragraph 21).
- ….That is, an "ordinary observer", familiar with the prior art, would not be induced to purchase the four-drawer cabinet B0CD2MD6W9, B0BWF4NJBK or B0CBP2FGMZ thinking it to be the first embodiment two drawer cabinet of the claimed design of the '387 patent…(Gandy Decl., Paragraph 26).
- ….That is, an "ordinary observer", familiar with the prior art, would not be induced to purchase the six drawer cabinet B0CCXZN3QS, B0CCY173V4, B0CCXTQTZ8 or B0CCY33S4C with a three drawer side by side arrangement thinking it to be the second embodiment four drawer cabinet of the claimed design of the '387 patent having a stacked arrangement, particularly when the

surface pattern on the front of the six drawer cabinets differs from that on the four drawer cabinet. (Gandy Decl., Paragraph 27).

- "...and n and cannot be relied upon as a basis for infringement of the second embodiment of the claimed design of the '387 patent. (Gandy Decl., Paragraph 29).
- "..the Accused Cabinets" B0CD2MD6W9, B0BWF4NJBK and B0CBP2FGMZ. Therefore, the drawer handles are not new with the claimed design of the '387 patent and cannot be relied upon by themselves as a basis for infringement of the second embodiment of the claimed design of the '387 patent. As stated previously above, the proper inquiry in determining if a patented design has been infringed is whether the accused design appropriates the claimed design as a whole. (Gandy Decl., Paragraph 29).
- "….Therefore, as with the case of the drawer handles discussed above, the bracket feature shown in Fig. 19 of the drawings of the '387 patent is not new with the claimed design of the '387 patent and cannot be relied upon by itself as a basis for infringement of the second embodiment of the claimed design of the '387 patent. Again, the proper inquiry in determining if a patented design has been infringed is whether the accused design appropriates the claimed design as a whole. (Gandy Decl., Paragraph 30).
- ".....and can hardly be the basis for infringement of the second embodiment of the claimed design of the '387 patent by itself…..The proper inquiry in determining if a patented design has been infringed is whether the accused design appropriates the claimed design as a whole. (Gandy Decl., Paragraph 31).

- "…..the accused cabinets do not infringe the second embodiment…." (Gandy Decl., Paragraph 32).
- "...that the design of the accused cabinets does not infringe the second embodiment." (Gandy Decl., Paragraph 33).

**CONCLUSION**

WHERFORE, the Plaintiff requests that the Court strike all legal conclusions which Mr. Gandy stated in his expert declaration, and for further relief that the Court deem just and proper.

DATED: June 24, 2024

Respectfully submitted,

Robert M. DeWitty
DeWitty and Associates
1500 K Street, 2nd Floor
Washington, D.C. 20005
Attorney for Plaintiff